SAMUEL WITHERSPOON *v.* SAMUEL SEARS, ET AL.

**Homestead Exemption.**

> The homestead law took effect June 1, 1866, and of course no exemption can be taken under it as to any debt created prior to that date. Where the evidence is conflicting as to whether a debt was created before or after the law took effect, this court will not reverse the trial court's judgment.

APPEAL FROM ALLEN CIRCUIT COURT.

June 13, 1885.

OPINION BY JUDGE HOLT:

In this action upon a note for $2,020 dated July 22, 1867, the appellant, Samuel Witherspoon, claims a homestead against it. He says that the indebtedness was created at the same time; but that the note was not executed for two or three years thereafter, and then dated back to the time of the original transaction, the original indebtedness being $2,020.

Upon the other hand the appellee, Samuel Sears, testifies that the debt originated in July, 1865, and was then $1,800 and that when the note was given interest for the interval was added to the principal, and the note taken for the entire sum. The homestead law took effect June 1, 1866, and there of course can be no exemption under it as to any debt created prior to that time. The right of the appellant, therefore, to one in this instance, turns on the question whether the appellee's debt was created before or after the last named date, and is purely a question of fact as to which the testimony is conflicting. No presumption as to whether the parties would have been likely to allow so large a debt to remain on open account for any considerable length of time can be applied in determining the question, because such delay did occur whether

the version of the one or the other be correct. Two witnesses upon the one side recollected the original transaction as occurring in 1865, while two upon the other fix it in 1867, and the last are supported, to some extent, by testimony showing that the appellant moved to certain property in 1867, which was bought by him of appellee, Sears, at the same time the indebtedness was created, the date of which is now in question. Upon the other hand the appellee, Sears, is somewhat sustained by the fact that the interest upon the $1,800, which he says constituted the original principal of the debt, for two years and thirteen days, would be $220, which, added to the $1,800, makes the amount for which the note was executed. In short, there are circumstances proven which support the version of both the appellant and the appellee, and it is needless to enumerate all of them. Under these circumstances the judgment of the circuit judge is entitled to weight, is persuasive of its correctness, and should not, in our opinion, upon a view of the entire record, be disturbed.

Judgment *reversed*.

*W. E. Settle, for appellant.*

*W. L. Porter, for appellee.*

